Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
206-622-1604
bradenp@mhb.com
joe@mhb.com
mikar@mhb.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| JAMES LEIGHTY,<br><br>    Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, a municipal corporation; SHERIFF JOHN NOWELS, an individual; and SPOKANE COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>    Defendants. | No.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>JURY TRIAL REQUESTED |

## I.   NATURE OF THE CASE

1.1. This case arises out of the Spokane County Sheriff's unconstitutional, repeated, and ongoing censorship of Plaintiff's free speech.

1.2. The Spokane County Sheriff's Office maintains an official

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

government Facebook page, on which it posts information and updates about Sheriff's Office news, incidents, events, and services. In addition to serving as a source of news and information about the Spokane County Sheriff's Office, it is an important public forum for speech by, to, and about the Office. The Spokane County Sheriff's Office has repeatedly censored Mr. Leighty's protected criticisms of the Office in this public forum.

1.3. Mr. Leighty wrote comments in response to official Facebook posts by the Spokane County Sheriff's Office. The Sheriff's Office removed many of Mr. Leighty's comments from public view based on Mr. Leighty's viewpoint while allowing other pro-police viewpoints to remain visible, in violation of the First Amendment.

1.4. At no time has the Spokane County Sheriff's Office ever notified Plaintiff that it hid his comments or provided an explanation for that action. At no time has Spokane County Sheriff's Office ever provided Plaintiff with an opportunity to object to the censorship.

1.5. Mr. Leighty brings this complaint for injunctive relief and damages to remedy multiple First Amendment violations.

## II. PARTIES

2.1. Plaintiff JAMES "JIM" LEIGHTY is an individual residing in Spokane, Washington. Since 2017, Plaintiff James Leighty has been a police accountability activist in the Inland Northwest, working on gathering public records for victims of police violence, legislative reform, and public awareness through engagement in public discourse on law enforcement social media

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

accounts.

2.2. Defendant SHERIFF JOHN NOWLES is an individual who is the current elected Sheriff of Spokane County acting within the scope of his employment and under the color of state law. Sheriff Nowles was the sheriff during the period of time when several of the constitutional violations alleged herein occurred. Sheriff Nowles also inherited the liabilities of earlier violations alleged herein, which may have occurred under the administration of Sheriff Nowles' predecessor, Sheriff Ozzie Knezovich. Sheriff Nowles is a policymaker of the Spokane County Sheriff's Office with respect to the Spokane County Sheriff's Office's Facebook page practices and policies.

2.3. Defendant SPOKANE COUNTY is a municipal corporation organized under the laws of the State of Washinton and located within in the territory of the Eastern District of Washington. SPOKANE COUNTY owns, operates, and is legally responsible for the acts and omissions of its law enforcement agency, the Spokane County Sheriff's Office ("SCSO").

### III. JURISDICTION AND VENUE

3.1. This Court has original subject matter jurisdiction pursuant to 42 U.S.C. § 1983, as well as 28 U.S.C. §§ 1331 and 1343.

3.2. Venue is appropriate in the Eastern District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within Eastern District of Washington.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

## IV.     FACTUAL ALLEGATIONS

4.1.     Facebook is an internet-based social media platform with nearly 3 billion active users worldwide, and over 230 million users in the United States.

4.2.     Facebook offers two ways to establish a presence on its platform: profiles and pages. Private individuals create profiles to share personal information and connect with other users. Pages are used by public-facing entities – businesses, brands, governmental organizations, public figures, and other organizations – to connect with their citizens, constituents, customers, or fans.

4.3.     Spokane County and the Spokane County Sheriff's Office (SCSO) have a Facebook page entitled "Spokane County Sheriff's Office." The page is hosted at https://www.facebook.com/SpokaneCountySheriffsOffice. The page is labeled as a "Law Enforcement Agency" page and lists a mailing address, phone number, email address, and website associated with the Sheriff's Office.

4.4.     Defendant Nowles authorized employees or agents of SCSO to manage the Facebook page, exercising page-management permissions and privileges. As such, these designated employees or agents act as final policymakers of the Spokane County Sheriff's Office with respect to management of the Office's Facebook page.

4.5.     The SCSO Facebook page links to a "Social Media Disclaimer" document, which states: "The purpose of the Spokane County Sheriff's Office's participation in social media is to enhance communication, collaboration, information exchange, and transparency, streamline processes, and foster productivity. . . . This social media site is intended to serve as a mechanism for

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

1  communication between the public and SCSO on the listed topics." The Disclaimer

2  document also indicates that comments are subject to public disclosure pursuant to

3  RCW 42.56, Washington State's Public Records Act.

4     4.6.   The "Disclaimer" document goes on to state:

> SCSO reserves the right to delete postings that are inconsistent with the policies in this disclaimer, including, but not limited to, comments that contain the following prohibited words, text, or information:
>
> • Defamatory, vulgar, obscene, abusive, profane, threatening, hateful, intimidating, or otherwise offensive language.
>
> • Sexual content or links to sexual content.
>
> • Malicious or offensive comments based on gender, race, class, ethnicity, national origin, political affiliation, religion, sexual orientation, disability or other classifications.
>
> • Solicitations or advertisements, including promotion or endorsement of any financial, commercial, or nongovernmental agency.
>
> • Attempts to defame or defraud any individual(s) or organizations.
>
> • Posts or comments in support of or opposition to political campaigns or ballot measures.
>
> • Viruses or similar harmful programs, including spam and similar content.
>
> • Proprietary information or intellectual property that is posted without the approval of the owner. Copyrighted or trademarked images or graphics. Imagery not owned by the user.
>
> • Comments on matters unrelated to activities of Spokane County or Spokane Valley, associated boards, committees or programs, policies, operations, or general areas of responsibility and representation.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

- Information that may compromise the safety or security of the public, public officials, or public systems.

- Information that violates a local, state, or national law or suggests or encourages illegal activity.

4.7. Any Facebook user can view the SCSO Facebook page.

4.8. Any Facebook user can choose to "follow" the SCSO Facebook page. When a Facebook user "follows" the SCSO Facebook page, they effectively subscribe to all posts written and published by the SCSO. These posts appear on the user's home feed, which is a unique compilation of posts presented to each user when they log into their Facebook account.

4.9. Only SCSO can "post" to its Facebook page. However, any member of the public can interact with SCSO's posts in a number of ways, regardless of whether they "follow" the page. A user can choose from one of several emoticon reactions to a post: "like," "love," "care," "haha," "wow," "sad," or "angry." And a user can share the post directly to their Facebook friends, to their home feed, send it in a private message to another Facebook user, share it to a group of Facebook users, or share it to a Facebook user's profile page. A user can also comment on the post directly or reply to a comment posted by another user.

4.10. The "comment" feature (and replies thereto) allows users to type free form messages on SCSO posts.

4.11. The interactive comment section associated with posts published by the Spokane County Sheriff's Office Facebook page is a designated public forum.

4.12. Plaintiff James Leighty is a U.S. Army veteran and police

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

1    accountability activist residing in Spokane, Washington. Mr. Leighty advocates for

2    training, transparency, and accountability for law enforcement to redress and

3    prevent fatal and harmful law enforcement violence. Mr. Leighty attends and

4    organizes events, speaks to media, and interfaces with local government and law

5    enforcement entities.

6        4.13.   In 2017, a law enforcement officer shot and killed Mr. Leighty's close

7    friend Craig Johnson during a home wellness check. After Mr. Johnson's death,

8    Mr. Leighty began following local law enforcement agency social media pages,

9    commenting on their posts, and replying to comments posted by other Facebook

10   users.

11       4.14.   Mr. Leighty began interacting with the Spokane County Sheriff's

12   Office's official Facebook page. SCSO has censored many of Mr. Leighty's

13   comments on its Facebook page.

14       4.15.   There are at least two different ways an agency can censor content on

15   its Facebook page: "deleting" and "hiding."

16       4.16.   When an agency "deletes" a comment, it no longer is viewable by

17   anyone, including the user who made the comment.

18       4.17.   When an agency "hides" a comment, it remains visible only to the

19   user who made it and others connected to the user as a Facebook "friend." In other

20   words, a "hidden" comment is invisible to the general public.

21       4.18.   "Hiding" a comment on Facebook is an especially pernicious form of

22   censorship because it gives the user who made the comment no notice of the

23   adverse action: from the perspective of that user, the comment appears to be

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

circulating in the forum like any other comment. The only way the user can determine the comment has been "hidden" is by taking further action to check the comment: the user must log out of the account, and log in under an account not associated as a "friend" of the original account. If the comment is not viewable, then it has been "hidden."

4.19. On March 17, 2021, SCSO posted on its Facebook, announcing the name of a newly hired deputy. The post generated 20 comments, 16 shares, and 223 emoticon reactions. While logged in under his personal account, Plaintiff commented on SCSO's post, noting that the new hire played a role in a fatal officer-involved shooting in Cheney, Washington in 2018. Plaintiff checked on his comment by logging in under a different account a few days later and saw that SCSO had "hidden" the comment, removing it from the public discourse. SCSO allowed other comments naming and supporting the new hire to remain visible.

4.20. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.21. On March 23, 2021, SCSO posted on its Facebook page, announcing that no charges would be filed against one of its deputies who fatally shot a Spokane resident. SCSO's post included factual claims, analysis and conclusions, and a detailed press release. Plaintiff commented on this post, criticizing the decision to not file charges and raising additional factual issues and questions. When Plaintiff checked on his comment by logging in under his different account, he saw that SCSO had again "hidden" his comment and removed it from the public discourse. SCSO allowed other comments naming the involved officer and offering

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 8

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

support to remain visible. SCSO additionally had publicly endorsed several of these supportive comments by applying the "thumbs up" emoticon reaction to them.

4.22. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.23. On March 26, 2021, Plaintiff sent an email to then-SCSO Sheriff Ozzie Knezovich, alleging that SCSO had been "censoring [his] comments on Facebook that [it] finds critical of the Sheriff's Office" and attaching screenshots of both posts showing SCSO had deleted his comments.

4.24. On October 6, 2021, SCSO posted on its Facebook page, sharing a link to a video of a shooting in Greenfield, Wisconsin. SCSO's post commented on the legitimate use of deadly force and criticized viewpoints that "some activists and those in the national media want you to believe." Plaintiff commented on SCSO's post using his personal account, criticizing the viewpoint promoted by SCSO based upon a local example involving a fatal shooting by a SCSO deputy. When Plaintiff saw that his comment had again been "hidden," he posted a second comment under his personal account, this one criticizing the fact that his first comment had been censored. Plaintiff's second comment was also "hidden" by SCSO, while other public comments remained visible.

4.25. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.26. On October 19, 2023, SCSO announced the details of an investigation and prompt arrest on its Facebook page. Plaintiff commented on SCSO's post

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

using his personal account, questioning the adequacy of the investigation given the speed of the arrest, and referenced a publicly-known example of an SCSO deputy attacking an elderly man during an arrest. When Plaintiff checked on his comment by logging in under a different account, he saw that SCSO had "hidden" his comment yet again. SCSO did not hide public comments that expressed support for SCSO.

4.27. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.28. On October 26, 2023, SCSO posted on its Facebook page, announcing the details of a major drug bust. Plaintiff commented on SCSO's post using his personal account, questioning the whether the investigation was "thorough, complete, and unbiased." Plaintiff logged in under his different account and saw that SCSO had "hidden" his comment, again. The only public comments visible were supportive of SCSO. SCSO additionally had publicly endorsed supportive comments by applying the "thumbs up" emoticon reaction to them.

4.29. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.30. On February 21, 2024, SCSO posted on its Facebook page, announcing that SCSO would begin an internal investigation into a SCSO deputy for attacking an elderly man during an arrest, only after a municipal investigation recommended felony assault charges the deputy. Plaintiff commented on SCSO's post, criticizing the delay in the internal investigation when the outcome was "obvious from the beginning" and criticizing SCSO's "horrible" culture. When

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

Plaintiff logged in under his different account, he saw that SCSO had again "hidden" his comment, but allowed other public comments to remain visible.

4.31. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.32. On March 20, 2024, SCSO posted on its Facebook page, announcing an investigation into a civilian shooting that occurred the same day and providing "initial information" about the shooting. Plaintiff commented on SCSO's post, questioning the speed of SCSO's announcement in contrast to the many months that SCSO waited before providing information about deputy-involved shootings. When Plaintiff logged in under his different account, he saw that SCSO had "hidden" his comment, but allowed other public comments that complimented SCSO to remain visible. SCSO additionally had publicly endorsed these complimentary comments by applying the "thumbs up" emoticon reaction to them.

4.33. Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.34. On May 8, 2024, SCSO posted on its Facebook page, announcing that a murder suspect whom SCSO investigated and arrested had been convicted and sentenced. Plaintiff commented on the post, asking when an SCSO deputy who had attacked an elderly man during an arrest would be charged. Plaintiff later replied to another comment, expressing sympathy for the murder victim's family and explaining that he wished SCSO would treat violence committed by their deputies as seriously as it treated violence committed by civilians. When Plaintiff logged in under his different account, he saw that SCSO had "hidden" his comments, but

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

allowed other public comments that complimented SCSO to remain visible and publicly endorsed some by applying a "thumbs up" emoticon reaction to them. SCSO also allowed public comments wishing violence or death on others to remain visible.

4.35.   Defendants did not give notice to Plaintiff of the censorship in the preceding paragraph, nor did they afford him an opportunity to oppose it.

4.36.   By removing Mr. Leighty's comments from public view while allowing neutral and "pro-police" comments to remain visible on the SCSO Facebook page, Defendants engaged in viewpoint-based restriction of speech.

4.37.   Defendants did not notify Mr. Leighty that they had removed his comments from public view, did not explain why they removed his comments, and have not provided him with any recourse to appeal the removal to a neutral arbiter. These failures violated Mr. Leighty's constitutional rights to procedural due process.

4.38.   Mr. Leighty's comments on the Spokane County Sheriffs' Office official Facebook page are protected speech under the First Amendment. By and through the enforcement, non-enforcement, and discriminatory enforcement of their written "Disclaimer" policy, which resulted in hiding and deleting Mr. Leighty's comments, Defendants have violated and continue to violate Mr. Leighty's right to free speech and the rights of others by selectively removing comments from the SCSO's official Facebook page.

4.39.   Defendants' unconstitutional censorship of Plaintiff are instances of Defendants' existing policy and practice of hiding Facebook comments to silence

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 12

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

viewpoints that are critical of the Spokane County Sheriff's Office and its employees. This censorship constitutes unconstitutional content-based and viewpoint-based restriction of the First Amendment.

4.40. Defendants' violations have caused and continue to cause Mr. Leighty irreparable harm to his right to free expression and procedural due process, for which Mr. Leighty seeks both injunctive and compensatory relief.

## V.    INJUNCTIVE CLAIMS

5.1. The allegations in the preceding paragraphs are incorporated by reference.

5.2. Defendants have violated and continue to violate Plaintiff James Leighty's First Amendment rights by censoring Plaintiff's protected expressions on the basis of viewpoint, restricting Plaintiff's participation in public debate and his right to petition the government for redress of grievances.  These Constitutional injuries are ongoing and irreparable.

5.3. Defendants have violated and continue to violate Plaintiff James Leighty's Fourteenth Amendment rights to procedural due process.  Namely, Defendants have failed to provide notice of proposed adverse governmental action and an opportunity to be heard in arguing against the censorship.  Nor have Defendants provided any post-deprivation notice or opportunity to be heard. These Constitutional injuries are ongoing and irreparable.

## VI.    DAMAGES CLAIMS

6.1. The allegations in the preceding paragraphs are incorporated by reference.

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 13

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

6.2.     Defendants have violated Plaintiff James Leighty's First Amendment rights by censoring Plaintiff's protected expressions on the basis of viewpoint, restricting Plaintiff's participation in public debate and his right to petition the government for redress of grievances, resulting in Constitutional and emotional harm. This cause of action is brought under 42 U.S.C. §1983 and the First Amendment, which is applicable to local jurisdictions through the Fourteenth Amendment to the U.S. Constitution.

6.3.     Defendants have violated and continue to violate Plaintiff James Leighty's Fourteenth Amendment rights to procedural due process.  Namely, Defendants have failed to provide notice of proposed adverse governmental action and an opportunity to be heard in arguing against the censorship.  Nor have Defendants provided any post-deprivation notice or opportunity to be heard. This cause of action is brought under 42 U.S.C. §1983 and the Fourteenth Amendment to the U.S. Constitution.

## VII.   REQUEST FOR RELIEF

7.1.     WHEREFORE, Plaintiff requests relief against Defendants as follows:

7.2.     Prospective and mandatory injunctive relief requiring Defendants to unhide or recover Plaintiff's comments on Spokane County Sheriff's Office page posts, and prohibiting Defendants from removing comments made by Plaintiff or others from public view;

7.3.     Prospective and mandatory injunctive relief requiring Defendants to provide Plaintiff with notice and opportunity to be heard before removing comments on Spokane County Sheriff's Office page posts,

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 14

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904

7.4. A declaration that Defendants' policies, practices, customs, or usages of the Facebook platform to censor unfavorable viewpoints without providing notice and an opportunity to be heard violate the U.S. Constitution;

7.5. Compensatory damages for violations of Plaintiff's Constitutional rights;

7.6. Punitive damages from the individual Defendants on Plaintiff's claims under 42 U.S.C. §1983;

7.7. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

7.8. Leave to amend the pleadings to confirm to the evidence at trial; and

7.9. Such other relief as may be just and equitable.

DATED this 16th day of May, 2024.

By: MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel.: 206.622.1604
Fax: 206.343.3961

*/s/Braden Pence*
Braden Pence, WSBA #43495
Email: BradenP@mhb.com

*/s/Joseph Shaeffer*
Joseph R. Shaeffer, WSBA # 33273
Email: Joe@mhb.com

*/s/Mika Rothman*
Mika Rothman, WSBA #55870
Email: MikaR@mhb.com

COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES - 15

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19619.00002 qj262904