JUDGE THOMAS O. RICE

Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
Phone: 206-622-1604

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES LEIGHTY, <br><br> Plaintiff, <br><br> v. <br><br> SPOKANE COUNTY SHERIFF'S OFFICE and SHERIFF JOHN NOWELS, <br><br> Defendants. | No. 2:24-cv-00165-TOR <br><br> PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS FOR MOTION FOR PRELIMINARY INJUNCTION <br><br> NOTED: JUNE 17, 2024 <br><br> *WITHOUT ORAL ARGUMENT* |

Pursuant to Local Civil Rule 7(f)(5), Plaintiff James Leighty respectfully requests relief from the Court to exceed the default page limits for his contemporaneously-filed Motion for Preliminary Injunction.

Defendants are censoring Plaintiff's protected speech regarding law enforcement oversight and accountability by removing Plaintiff's public comments from the official Facebook page of the Spokane County Sheriff's Office. On May 16, 2024, Plaintiff filed a Complaint alleging that Defendants are violating the First

PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS FOR MOTION FOR PRELIMINARY INJUNCTION - 1

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

Amendment by removing Plaintiff's public comments from their official Facebook page simply because they disagree with the viewpoints expressed. Plaintiff is prepared to move immediately for a preliminary injunction to stop Defendants from continuing to suppress his protected speech, however requires 15 pages to present a complete factual summary and legal argument to the court.

Plaintiff has good cause to exceed the 10-page limit set forth in Local Civil Rule 7(f)(2). While this limit applies to non-dispositive motions, "[p]reliminary injunction motions often justify treatment as dispositive motions in determining the applicable rule for length of briefs." *Pac. Aero. & Elecs., Inc. v. Taylor*, 295 F. Supp. 2d 1188, 1204 n.29 (E.D. Wash. 2003). Further, "[a] motion for preliminary injunction may even, as a practical matter, determine the outcome of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016) (citation omitted). Here, the underlying legal issues Plaintiff presents in his Motion for Preliminary Injunction are identical to the First Amendment claims alleged in Plaintiff's Complaint which seeks both injunctive relief and declaratory judgment. Thus, the outcome of Plaintiff's Motion is highly likely to affect the determination of the merits of the First Amendment claims. It does not exceed the 20-page limit applicable to dispositive motions. L. Civ. R. 7(f)(1).

Plaintiff has attempted to keep his preliminary injunction briefing as concise as possible while also ensuring the record and legal argument presented to the court is complete and thorough. Plaintiff must fully brief the Court on his First Amendment claim because "[t]he first Winter factor, likelihood of success, is a threshold inquiry and is the most important factor in any motion for a preliminary

PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS FOR
MOTION FOR PRELIMINARY INJUNCTION - 2

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

injunction. That holds especially true for cases where a plaintiff seeks a preliminary injunction because of an alleged constitutional violation." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (internal quotations and citations omitted). Plaintiff's claims are based on a relatively new application of First Amendment law to a public entity's use and management of social media so adequately briefing the Court requires Plaintiff to engage in detailed forum analysis and explanation of Defendants' failure to satisfy the standard of review applicable to their actions.

To date, counsel for Defendants have not appeared in this matter so Plaintiff is unable to state Defendants' position on the motion as required by L. Civ. R. 7(f)(5).

For the foregoing reasons, Plaintiff respectfully requests the Court grant the motion and consider Plaintiff's Motion for Preliminary Injunction as filed.

DATED this 16th day of May, 2024.

MacDONALD HOAGUE & BAYLESS

By: */s/Joseph Shaeffer*
Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
BradenP@mhb.com
Joe@mhb.com
MikaR@mhb.com
*Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS FOR MOTION FOR PRELIMINARY INJUNCTION - 3

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

# CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed this document entitled **Plaintiff's Motion to Exceed Page Limits for Motion for Preliminary Injunction** with the Clerk of the Court using the CM/ECF system.

DATED this 16th day of May, 2024, at Seattle, Washington.

*/s/Olivia Doolan*
Olivia Doolan, Legal Assistant

PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS FOR MOTION FOR PRELIMINARY INJUNCTION - 4

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961