JUDGE THOMAS O. RICE

Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
Phone: 206-622-1604

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES LEIGHTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPOKANE COUNTY, a municipal corporation; SHERIFF JOHN NOWELS, an individual; and SPOKANE COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>　　　　　Defendants. | No. 2:24-cv-00165-TOR<br><br>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>NOTED: JUNE 24, 2024<br><br>*WITHOUT ORAL ARGUMENT* |

## I.　INTRODUCTION AND RELIEF REQUESTED

The Spokane County Sheriff's Office maintains an official government Facebook page, which is an important public forum for speech by, to, and about the Office. This case arises out of unlawful actions by the Spokane County Sheriff's Office to silence Plaintiff Jim Leighty's legitimate criticism in this forum.

In 2017, Plaintiff Jim Leighty's close friend was shot and killed by a police

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

officer conducting a home wellness check. The death of his close friend motivated Mr. Leighty to become an advocate for police accountability and reform. As part of this advocacy, Mr. Leighty writes comments in response to Facebook posts by the Spokane County Sheriff's Office (SCSO). Mr. Leighty's comments criticize or question the Sheriff's Office. SCSO has removed many of Mr. Leighty's comments from public view without offering any rationale, while allowing comments by other users that express support or neutrality towards law enforcement to remain publicly viewable, and sometimes endorsing those comments by "liking" them.

Plaintiff Jim Leighty respectfully moves this Court for a preliminary injunction requiring the SCSO to return his hidden comments to public view and enjoining them from removing his comments in the future.

## II. FACTUAL BACKGROUND

### A. The SCSO operates an official government Facebook page.

The Spokane County Sheriff's Office has a Facebook page entitled "Spokane County Sheriff's Office." Rothman Dec., at ¶2. The page is labeled as a "Law Enforcement Agency" and lists the Office's official website, phone number, email address, and physical address. *Id*. Defendants or their agents manage the SCSO Facebook page at their discretion.

The SCSO Facebook page is viewable to any Facebook user, and any user can "follow" the page. When a Facebook user "follows" the Facebook page, they effectively subscribe to "posts" written and published by the SCSO. *Id*., at ¶5.

Only SCSO can "post" to its Facebook page. However, any Facebook user may interact with SCSO's posts in a number of ways, including commenting on the

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

post directly, replying to a comment posted by another user, or apply an emoticon reaction to a comment posted by another user. *Id*., at ¶6.

### B. SCSO Implemented a Content-Based Policy Restricting Speech.

The SCSO Facebook page links to its "Limited Public Forum Policy," which is a document titled "Spokane County Sheriff's Office Social Media Disclaimer." *Id*., at ¶3. The disclaimer states: "The purpose of the Spokane County Sheriff's Office's participation in social media is to enhance communication, collaboration, information exchange, and transparency, streamline processes, and foster productivity." *Id*., Ex. 1. Regarding comments, in relevant part, it states "SCSO reserves its right to delete postings that are inconsistent with the policies in this disclaimer," listing *including, but not limited to*, comments that contain the following prohibited words, text, or information," then identifying 11 categories of prohibited speech and expression. *Id*. (emphasis added). The disclaimer further reserves SCSO's right "to block users and/or delete comments that are inconsistent with this disclaimer." *Id*. This policy on its face identifies some content that SCSO allows and other content that it may choose to remove from public view.

### C. Plaintiff Jim Leighty Interacts with Government Entities on Social Media.

Mr. Leighty is a U.S. Army veteran and police accountability activist who lives in Spokane, Washington. Mr. Leighty began activism work after his close friend was killed by law enforcement. Leighty Dec., at ¶2-3. Mr. Leighty finds social media to be an effective way to make his individual voice heard. *Id*. Mr. Leighty follows and engages with several local law enforcement agencies on Facebook,

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 3

No. 2:24-cv-00165-TOR

M<small>AC</small>D<small>ONALD</small> H<small>OAGUE</small> & B<small>AYLESS</small>
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

including the Spokane County Sheriff's Office, seeking to raise awareness about matters of public concern within agencies and to promote greater public understanding and transparency about these matters. *Id*., at ¶4.

### D.   Defendants Hide Comments That Criticize the SCSO.

In March 2021, Mr. Leighty commented on two SCSO posts. One post announced a lateral hire; Mr. Leighty criticized SCSO's decision to hire the candidate, given her involvement in a fatal shooting of a man in nearby Cheney, Washington. *Id*., at ¶5. The second post announced that no charges would be filed against a SCSO deputy who fatally shot an elderly woman experiencing a mental health crisis; Mr. Leighty questioned the deputy's tactics and mourned the loss of life. *Id*., at ¶6. SCSO "hid" both comments without providing any explanation or justification for doing so. *Id*., at ¶5-6. Comments by other Facebook users which express support for SCSO remain publicly viewable. *Id*. SCSO has "liked" many of these comments. Rothman Dec. ¶9.

Plaintiff then emailed then-SCSO Sheriff Ozzie Knezovich, stating that SCSO had been "censoring [his] comments on Facebook that [it] find[s] critical of the Sheriff's Office." Leighty Dec., at ¶7, Ex. #5. SCSO never responded. *Id*.

On October 19, 2023, SCSO announced the details of an investigation and arrest on its Facebook page. *Id*, at ¶8. Plaintiff commented on SCSO's post, questioning the adequacy of the investigation given the speed of the arrest, and referenced a well-known incident of misconduct by an SCSO officer. *Id*. Plaintiff viewed the post while logged out of his account and saw that SCSO had "hidden" his comment. *Id*. Those expressing support for SCSO remained viewable, and SCSO

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 4

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

"liked" some of those supportive comments. Rothman Dec. ¶10, Exs. 4, 5.

On October 26, 2023, SCSO announced a drug bust on its Facebook page. Plaintiff commented on the post, questioning the integrity of the investigation given how quickly SCSO made the arrest. Leighty Dec. at ¶10. Plaintiff viewed the post while logged out of his personal account and saw SCSO had "hidden" his comment, again. *Id.* SCSO did not hide comments that supported its actions, and "liked" two of them. Rothman Dec. ¶11, Exs. 6, 7.

On February 21, 2024, SCSO announced on its Facebook page an internal investigation into a deputy for misconduct occurring during an arrest, only after a municipal investigation recommended felony assault charges for the deputy. Leighty Dec. at ¶11. Plaintiff commented on the post, criticizing the delay in the internal investigation and SCSO's culture. *Id.* When Plaintiff viewed the post while logged out of his personal account, he saw that SCSO had again hidden his comment, but allowed other public comments to remain visible. *Id.*

On March 20, 2024, SCSO announced on Facebook an investigation into a civilian shooting, provided information about the shooting, and subsequently, an arrest. *Id*, at ¶12. Plaintiff commented on the post, questioning the speed of SCSO's announcement in contrast to the many months SCSO waited before providing information about deputy-involved shootings. *Id.* When Plaintiff logged out and viewed the post, he saw that SCSO had "hidden" his comment. *Id.*. SCSO did not hide other comments that complimented SCSO, and "liked" many of those comments. Rothman Dec. ¶ 12, Exs. 8, 9.

On May 8, 2024, SCSO announced the conviction and sentence of an

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 5

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1  individual arrested for murder. Plaintiff commented on the post, asking when an
2  SCSO deputy who had attacked an elderly man during an arrest would be charged.
3  Leighty Dec. ¶13.  Plaintiff later replied to another comment, expressing sympathy
4  for the murder victim's family and explaining that he wished SCSO would treat
5  violence committed by their deputies as seriously as it treated violence committed
6  by civilians. *Id.* When Plaintiff logged out of his account, he saw that SCSO had
7  "hidden" his comments, but allowed other public comments that complimented
8  SCSO to remain visible and "liked" some of them. *Id.,* Rothman Dec. ¶13, Exs. 10,
9  11. SCSO also allowed public comments wishing violence or death on others to
10 remain visible. *Id.*, at ¶13.

### III.  ARGUMENT

Policies or actions that target speech based on its communicative content are content-based restrictions and must satisfy heightened scrutiny. *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). As such, here, Defendants must show that their censorship is "necessary to serve a compelling government interest and that it is narrowly drawn to achieve that end." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Any restraint on free speech that is viewpoint discriminatory is presumptively unconstitutional. *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469-70 (2009). Suppression of protected speech, even for brief periods of time, constitutes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) ("Where … First Amendment rights are being chilled daily, the need for immediate injunctive relief without further delay is … a direct corollary of the matter's great

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 6

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

importance.").

Here, the Spokane County Sheriff's Office has policies that expressly regulate speech on its Facebook page. These policies claim unfettered discretion by Defendants to exclude individuals from a public forum based on the viewpoints expressed in their speech, and to approve or disapprove of free speech. In this case, it is not even clear what policy SCSO is using to censor Mr. Leighty's speech.

Plaintiff Jim Leighty has suffered and continues to suffer harm of constitutional magnitude. Such harm is irreparable, and Mr. Leighty has no adequate remedy at law. He therefore seeks an order enjoining the Sheriff's Office from enforcing its censorship policy. Because the application of the policy targets the speakers' viewpoint, i.e., their criticisms of the Office, its implementation presumptively violates the First Amendment and Mr. Leighty further seeks a declaration that Defendants' policy is unconstitutional.

### A.    Preliminary Injunction Standard.

When asked to grant a preliminary injunction where the public interest is at stake, a court must consider whether: (1) the plaintiff is likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Fed. R. Civ. P. 65(a); *Winter v. Nat'l Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). Courts in this circuit weigh these factors on a "sliding scale, such that where there are only 'serious questions going to the merits'—that is, less than a 'likelihood of success' on the merits—a preliminary injunction may still issue so long as 'the balance of hardships tips sharply in the plaintiff's favor' and the other

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (internal citation omitted).

**B.  Plaintiff is likely to succeed on his First Amendment claim.**

To show a First Amendment violation, Plaintiff first must establish that he engaged in "protected speech." *Cornelius v. NAACP Legal Defense and Educational Fund, Inc.*, 473 U.S. 788, 797 (1985). The burden then shifts to the Defendants to justify their restrictions on that speech. Where, as here, the speech takes place in a "public forum," content-based restrictions are subject to heightened scrutiny, and Defendants must show that their restrictions are "necessary to serve a compelling government interest and that it is narrowly drawn to achieve that end." *Perry*, 460 U.S. at 45 (1983) (citing *Carey v. Brown*, 447, 461 (1980)). Even more pernicious is viewpoint discrimination, which is prohibited in all public forums and cannot be justified. *Pleasant Grove*, 555 U.S. at 469-70 (viewpoint discrimination prohibited in all public forums).

  1.  Plaintiff's comments are protected by the First Amendment.

The First Amendment's protection is broad, and "permit[s] restrictions on speech "in a few limited areas." *United States v. Stevens*, 559 U.S. 460, 468 (2010) ("obscenity," "defamation," "fraud," "incitement," and "speech integral to criminal conduct" are "well-defined and narrowly limited classes of speech" which the Constitution permits preventing and punishing). Indeed, "the First Amendment reflects a 'profound national commitment' to the principle that 'debate on public issues should be uninhibited, robust, and wide-open.'" *Boos v. Barry*, 485 U.S. 312,

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 8

No. 2:24-cv-00165-TOR

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

318 (1988) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). And social media "provide perhaps the most powerful mechanisms available to a private citizen to make his or her own voice heard." *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017).

Mr. Leighty's comments on SCSO Facebook posts provoked public discussion about the actions of a public law enforcement agency. This is protected speech, "fall[ing] within the broad category of public debate on matters of local importance … protected under the First Amendment." *Kimsey v. City of Sammamish*, 574 F. Supp. 3d 911, 918 (W.D. Wash. 2021) (concluding that Plaintiffs' comments on the City's Facebook page constituted protected speech).

2. The SCSO Facebook page is a designated public forum.

"[A] government entity may create 'a designated public forum' if government property that has not traditionally been regarded as a public forum is intentionally opened up for that purpose." *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 469 (2009) (citing *Cornelius*, 473 U.S. at 800 (1985)). Government restrictions on speech in a designated public forum must be "narrowly drawn to achieve a compelling state interest." *Int'l Soc. for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 678 (1992).

SCSO has labeled its Facebook page a "limited" public forum rather than a designated public forum. But such a self-serving declaration carries little weight. Courts use three factors determine whether a government has intended to create a designated public forum. First, "[i]f the government requires speakers seeking access to obtain permission, under pre-established guidelines that impose speaker-based or

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 9

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

subject-matter limitations, the government generally intends to create a limited, rather than a designated, public forum." *Seattle Mideast Awareness Campaign v. King County*, 781 F.3d 489, 497 (9th Cir. 2015). Second, courts examine "how that policy has been implemented in practice" meaning whether or not the guidelines "are routinely ignored." *Id*. Where a policy is haphazardly enforced, the government cannot claim it has limited the public forum in any meaningful and consistent way. And third, courts take into account "the nature of the government property at issue" – for example, "[i]f the property is 'designed for and dedicated to expressive activities' courts will more readily infer the intent to create a designated public forum." *Id*. (quoting *Cornelius*, 473 U.S. at 802) (internal citations omitted).

Here, SCSO does not require individuals to obtain permission prior to engaging in speech on the official page. Individuals may interact with the page without first clearing any "speaker-based" or "subject-matter limitations." *Id*. "[W]hile there are rules for comments after they have been made, they do not constrain the public's initial access. This fact is important because prior approval weighs in favor of a limited forum—a fact absent here." *Kimsey*, 574 F. Supp. 3d at 920 (W.D. Wash. 2021) (relying on *Perry*, 460 U.S. at 47 and *Lehman v. City of Shaker Heights*, 418 U.S. 298, 302-04, 94 S. Ct. 2714, 41 L. Ed. 2d 770) (finding a city's official Facebook page to be a designated public forum).

More importantly, Defendants give themselves broad discretion to remove any comments they view to be "inconsistent" with policy, rendering the list of prohibited content limitless and allowing Defendants to hide public comments haphazardly at best and discriminately at worst. "[T]he [s]tandards for inclusion and

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 10

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

exclusion for a limited public forum must be unambiguous and definite; without objective standards, government officials may use their discretion . . . as a pretext for censorship." *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1178 (9th Cir. 2022) (internal citations and quotations omitted), *vacated and remanded on other grounds*, *O'Connor-Ratcliff v. Garnier*, __ U.S. __, 144 S. Ct. 717, 717 (2024). No reading of the Disclaimer can justify Defendants' actions nor have they offered any justification for repeatedly censoring Mr. Leighty.  "[P]rospective, categorical, subject-matter rules by which [Defendants] evaluate private speech" are required in a limited public forum to provide "public notice of what speech is permissible and constrain[] the discretion of government actors to pick favorites on an ad hoc basis." *Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 337 (9th Cir. 2018). Defendants' "abstract policy statement purporting to restrict access to a forum is not enough" to establish a limited public forum. *Hopper v. City of Pasco*, 241 F.3d 1067, 1075 (9th Cir. 2001).

The Spokane County Sheriff's Office created an official government page on Facebook, a platform "designed for individuals to share information and express ideas." *Kimsey*, 574 F. Supp. 3d at 920 (W.D. Wash. 2021). By creating the official Facebook page and enabling comments, the Sheriff's Office intended to create an open forum for public discourse.

>   3.  <u>Defendants' policy and practice of deleting or hiding Facebook comments that criticize the SCSO is unconstitutional.</u>

As set forth above, Mr. Leighty's comments on the Sheriff's Office Facebook page "fall within the broad category of public debate on matters of local importance

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 11

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

protected under the First Amendment." *Id*., at 918. Defendants repeatedly removed Mr. Leighty's comments from public view, while leaving for public view other comments praising the Sheriff's Office.

        a.    *Defendants cannot survive strict scrutiny.*

Defendants must justify their restrictions in a designated public forum as "narrowly drawn to achieve a compelling state interest." *Int'l Soc. for Krishna Consciousness, Inc.*, 505 U.S. at 678. Defendants have not provided any reason for hiding Mr. Leighty's comments. Any attempted *post hoc* justification of this suppression of protected speech is unlikely to satisfy Defendants' "extraordinarily heavy burden" to show a compelling government interest furthered by such action. *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784, 791 (9th Cir. 2006). Nor can Defendants show that hiding full comments is "narrowly tailored." It is raw censorship, not careful restriction.

        b.    *Even in a limited public forum, Defendants' viewpoint-based censorship violates the First Amendment.*

In a limited public forum, "the State may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983). The government may not regulate speech based on its substantive content or the message it conveys," and is forbidden from engaging in viewpoint discrimination "even when the . . . limited public forum is one of its own creation." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995).

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 12

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

Defendants repeatedly hid comments written by Mr. Leighty that criticized or questioned the SCSO, while leaving for public view comments expressing neutrality or support for the Office and/or its actions. Moreover, SCSO's discriminatory animus is evident in its public endorsement of supportive comments – by applying the "thumbs up" emoticon -- and its derogatory references to commenters who criticize law enforcement. SCSO's viewpoint-based silencing of protected speech is unconstitutional regardless of whether the Sheriff's Office has created a limited or designated public forum.

Furthermore, Defendants' overbroad prohibitions are unreasonable because they leave unclear what speech is swept in. "It is self-evident that an indeterminate prohibition carries with it the opportunity for abuse." *Minn. Voters All. v. Mansky*, 585 U.S. 1, 21, (2018). Although some discretion is permitted, "discretion must be guided by objective, workable standards." *Id*. Without such guided discretion, Defendants' own biases may shape what they view as speech prohibited by their policy. An amorphous standard is "inherently unreasonable." *People for the Ethical Treatment of Animals v. Gittens*, 215 F. Supp. 2d 120, 131 (D.D.C. 2002).

### C. Defendants' censorship of Mr. Leighty's protected speech is causing him continuing and ongoing irreparable harm.

To this day, Defendants are depriving Mr. Leighty of his First Amendment rights. "Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm." *Nelson v. National Aeronautics and Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), *rev'd and remanded on other grounds*, 562 U.S. 134 (2011).

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 13

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

Here, Defendants continue to inflict irreparable harm on Mr. Leighty through discriminatory implementation of their policy. Defendants' actions prevent Mr. Leighty from exercising his First Amendment right to engage in protected speech in a designated public forum. Suppression of protected speech, even for brief periods of time, constitutes irreparable harm. *Elrod v. Burns,* 427 U.S. 347, 373 (1976); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) ("Where … First Amendment rights are being chilled daily, the need for immediate injunctive relief without further delay is … a direct corollary of the matter's great importance.").

### D. The Balance of Hardships Favors Plaintiff.

Here, the irreparable harm caused by SCSO is concrete and ongoing. Mr. Leighty continues to suffer deprivation of his constitutional rights because SCSO has removed his comments from the public discourse. Potential hardship or harm to Defendants is nonexistent. No great cost or time expenditure is required to restore Mr. Leighty's comments on the SCSO Facebook page. And no great cost or time expenditure will befall Defendants if they must refrain from enforcing their policy. The balance of hardships strongly favors Plaintiff.

### E. The Public Interest Favors Free Expression.

"Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles." *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 974 (9th Cir. 2002). Courts "have also consistently recognized the significant public interest in upholding free speech principles as the ongoing enforcement of the potentially unconstitutional regulations . . . would infringe not only the free expression interests of [plaintiff],

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 14

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

but also the interests of other people subjected to the same restrictions." *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009).

The public has an important interest in protecting free expression. At the very heart of the First Amendment is the ability of the people to debate political topics and exchange information on important issues of public concern, as Mr. Leighty does. To curtail Defendants' suppression if Mr. Leighty's protected speech serves the public interest because "no public good would be served if public officials were accessible over social media but only to some…" *Lewis v. Jones*, 440 F. Supp. 3d 1123, 1138 (E.D. Cal. 2020).

The public interest weighs strongly in favor of an order enjoining Defendants from enforcing their Terms of Use policy in a discriminatory manner to quash free expression and political speech.

### F.  Plaintiffs seek a Waiver of the Bond Requirement.

Because Defendants will suffer no conceivable harm from the entry of a preliminary injunction, Plaintiff respectfully requests that the Court waive the requirement to post a security bond during the pendency of the litigation.

### IV.  CONCLUSION

"[I]f the First Amendment means anything, it means the best response to disfavored speech on matters of public concern is more speech, not less." *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 240 (2d Cir. 2019). Defendants did exactly the opposite, responding to Mr. Leighty's protected speech by removing his comments from public view. The Spokane County Sheriff and his office need a compelling interest to justify such a harsh response. Here, there

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 15

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

1  is none. Defendant's policy and practice of suppressing and censoring disfavored
2  speech is unconstitutional.
3      Plaintiff respectfully requests a preliminary injunction requiring Defendants
4  to return his hidden or deleted comments to public view, and enjoining Defendants
5  from removing disfavored comments from their official Facebook page.

7      DATED this <u>16th</u> day of <u>May</u>, 2024.

9                                MacDONALD HOAGUE & BAYLESS

11                              By: <u>/s/Joseph Shaeffer</u>
12                                 Braden Pence, WSBA #43495
                                Joe Shaeffer, WSBA #33273
13                                 Mika Rothman, WSBA #55870
                                BradenP@mhb.com
14                                 Joe@mhb.com
                                MikaR@mhb.com

15                              *Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 16

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

## **CERTIFICATE OF SERVICE**

I certify that on the date noted below I electronically filed this document entitled **Plaintiff's Motion for Preliminary Injunction** with the Clerk of the Court using the CM/ECF system.

DATED this 16th day of May, 2024, at Seattle, Washington.

*/s/Olivia Doolan*
Olivia Doolan, Legal Assistant

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 17

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961