JUDGE THOMAS O. RICE

Heather C. Yakely, WSBA #28848
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200
hyakely@ecl-law.com

*Attorney for Spokane County Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES LEIGHTY,<br><br>        Plaintiffs,<br><br>vs.<br><br>SPOKANE COUNTY, a municipal corporation; SHERIFF JOHN NOWELS, an individual; and SPOKANE COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br>        Defendants. | No.  2:24-cv-00165-TOR<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>NOTED: JULY 8, 2024<br><br>*WITHOUT ORAL ARGUMENT* |

COME NOW, Defendants by and through their attorney of record, Heather C. Yakely of Evans, Craven & Lackie, PS and submits this memorandum in opposition to Plaintiff's Motion for Preliminary Injunction.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 1

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# INTRODUCTION

Plaintiff, alleges that several of his comments have been hidden from posts on the Spokane County Sheriff's Office ("SCSO") Facebook page in violation of his First Amendment Rights. Plaintiff filed a motion for a preliminary injunction, claiming he has been irreparably harmed, and requests that his posts be viewable on the SCSO Facebook page, and that "SCSO be enjoined from enforcing its policy of removing disfavored comments from their official Facebook page." (ECF No. 4, p. 16)

SCSO has a user policy that explicitly states that comments may be removed that …. . SCSO's decision to prohibit all comments, regardless of who makes them and why, cannot be the basis of a constitutional injury, as it is a nondiscriminatory practice affecting all Facebook users equally.

Plaintiff's motion should be further denied, as his claims of suffering irreparable harm and damages are purely speculative, and do not necessitate a preliminary injunction, nor is there a clear indication that Plaintiff would succeed on the merits given the evidence currently. SCSO's practice of hiding comments unrelated to the topic of the original post, untrue or unfounded, were valid, non-discriminatory restrictions that did not violate Plaintiff's constitutional rights. The

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 2

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

comments offered by Plaintiff have no relation to the original posts and defamatory and untrue statements toward SCSO.

## FACTS

Plaintiff's Motion for Preliminary Injunction centers around comments he made to SCSO posts as set forth in the Declaration of J.D. Leighty. *ECF 4-1*

Since 2022, the Disclaimer page states "SCSO reserves the right to delete postings that are inconsistent with the policies in this disclaimer, including, but not limited to, comments that contain the following prohibited words, texts, or information:

> Defamatory, vulgar, obscene, abusive, profane, threatening, hateful, intimidating, or otherwise offensive language; …
>
> Attempts to defame or defraud any individual(s) or organizations; …
>
> SCSO reserves the right to block users and/or delete comments that are inconsistent with this disclaimer.

*Declaration of Mark Gregory, attachment* 1

Plaintiff's Comments were hidden because they were off-topic and defamatory. Each of them are addressed separately in Defendants' supporting Declaration by Mark Gregory. *See Gregory Dec.*

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 3



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# MEMORANDUM

## A. PRELIMINARY INJUNCTION STANDARD

Pursuant to Federal Rule of Civil Procedure 65, a federal district court may grant a preliminary injunction only upon a "clear showing that the plaintiff is entitled to such relief. *California v. Azar,* 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Winter v. NRDC,* 555 U.S. 7, 22 (2008). Preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). In order to obtain such a relief a plaintiff is required to establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of preliminary relief; (3) that a balancing of the hardships weights in plaintiff's favor; and (4) that a preliminary injunction will advance the public interest. *Id.* at 20*; M.R. v. Dreyfus,* 697 F.3d 706, 725 (9th Cir. 2012). A plaintiff is required to establish each requirement for a preliminary injunction and it should only be issued if the movant does not possess an adequate remedy at law. *Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir. 1994), *citing to Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506-07 (1957). The moving party has the burden of establishing their claim and must establish a clear showing of entitlement of relief. *Winter* at 22.



Here, Plaintiff seeks to compel Defendants to take specific action. Accordingly, Plaintiff seeks a mandatory injunction. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma gmbH & Co.,* 571 F.3d 873, 879 (9th Cir. 2009) (ordering a party to "take action.") Courts disfavor mandatory injunctions because the same go "well beyond simply maintaining the status quo." *Id*. As such, mandatory injunctions will not be issued in "doubtful cases…" *Anderson v. United States,* 612 F.2d 1112, 1115 (9th Cir. 1980) (internal quotation omitted). "When a mandatory injunction is requested, the district court should deny such relief unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.,* 13 F.3d 1313, 1320 (9th Cir. 1994)(internal quotation omitted). Plaintiff cannot meet the high standards for issuance of his requested relief, especially when considering the mandatory nature of the requested injunction.

Further, Plaintiffs posts were removed within the rules of the Disclaimer. As such, Plaintiff cannot present any constitutional injury, as the decision by SCSO is applied equally to all Facebook users, and not just Plaintiff.

**B.    PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS OF HIS CLAIM.**

1.    **Protected Speech**

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 5



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Defendants recognize that courts have held that "[t]he First Amendment reflects a 'profound national commitment' to the principle that 'debate on public issues should be uninhibited, robust, and wide-open.'" *Kimsey v. City of Sammamish,* 574 F. Supp. 3d 911, 918 (W.D. Wash. 2021) (citing *Boos v. Barry,* 485 U.S. 312, 318, 108 S. Ct. 1157, 99 L.Ed., 23 333 (1988) (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 270, 84 S. Ct. 710, 11 L.Ed. 26 686 (1964)). The U.S. Supreme Court has classified forums into three categories: traditional public forums, designated public forums, and limited public forums. *Seattle Mideast Awareness Campaign v. King Cnty.*, 781 F.3d 489, 496 (2015), *citing*, *Int'l Soc'y for Krishna Consciousness, Inc. v. Lee (ISKCON)*, 505 U.S. 672, 678-79, 112 S.Ct. 2701, 120 L.Ed.2d 541 (1992). In limited public forums, content-based restrictions are permissible, as long as they are reasonable and viewpoint neutral. *Id.*, *Miller v. City of Cincinnati*, 622 F.3d 524, 533 (6th Cir. 2010); *,Arkansas Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 667-78, 118 S.Ct. 1633, 140 L.Ed.2d 875 (1998)

The courts will consider whether the government has adopted a policy governing access to the forum and how that policy is implemented. *Seattle Mideast Awareness Campaign*, 781 F.3d at 497, *citing*, *Cornelious v. NAACP Legal. Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 105 S. Ct. 3439, 87 L.Ed.2d

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 6



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

567 (1985) When the government intends to grant only "selective access," by imposing either speaker-based or subject-matter limitations, it has created a limited public forum. Any such restriction "must not discriminate against speech on the basis of viewpoint, and the restriction must be reasonable in light of the purpose served by the forum." *Good news Club v. Milford Cent. Sch.*, 533 U.S. 98, 106-07, 121 S. Ct. 2093, 150 L.Ed.2d 151 (2001)

The court in *Kimsey* reviewed a comment by the plaintiff on the defendant's Facebook page made in response to a post on behalf of the city's police foundation. *Kimsey v. City of Sammamish*, 574 F. Supp. 3d at 916. As part of its Facebook page, the City created rules prohibiting certain kinds of citizen comments. (*Id.* at 916) The court eventually held that the speech necessitated first amendment protection. *Id.* at 918.

Here, Defendants do not specifically argue that the speech is not protected under the First Amendment and recognize that it falls within broad public debate. The distinction is that it is not within the purview of a limited public forum. Plaintiff's comments do not relate to the original posts and thus could not have been made for the purpose of public debate. Rather, Plaintiff comments both off topic on many of his posts but also insinuates that his statements are based on fact. As established in the attachments to the Declaration of Mark Gregory, they are



not. In each of the matters Plaintiff comments on there were findings of exoneration and/or reasonable uses of force. That he does not agree with those is not factually based, they are his opinions – which he does not state.

In sum, Plaintiff's comments do not contain requests for SCSO to adhere to; they do not directly relate to the topic posted by the SCSO; rather, they are defamatory in nature and not based on actual fact. Defendant recognizes that courts will generally find speech to be protected. However, Plaintiff's comments were harassing statements offered as factual assertions without a factual basis and they are not protected speech.

## 2.    Forum Analysis

The level of scrutiny applied in analyzing speech depends on the classification of the forum wherein the comments were made. *Kimsey,* 574 F. Supp. 3d at 918. Traditional public forums include places that by "long tradition" or government practice have been "devoted to assembly and debate," such as public parks. *Tyler v. Coeur,* 568 F. Supp. 3d 1071, 1083 (D. Idaho 2021) (citing to *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 44 (1983). Regulation on speech in such areas is examined under strict scrutiny and will be constitutional if narrowly tailored to achieve a compelling state interest. *Tyler,* 568 F. Supp. 3d at 1083 (citing to *Perry,* 460 U.S. at 45; *Int'l Soc'y for Krishna*

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 8

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Consciousness, Inc. v. Lee,* 505 U.S. 672, 678 (1992)). Designated public forums are non-traditional forums intentionally opened up by the government for public discourse, and regulations on speech are also subject to strict scrutiny. *Tyler* at 1083 (citing to *Lee,* 505 U.S. at 678; *Hopper v. City of Pasco,* 241 F.3d 1067, 1075 (9th Cir. 2001)). Limited public forums are nonpublic forums intentionally opened by the government to certain groups for certain topics and the government can restrict speech if the restriction is reasonable and viewpoint neutral. *Tyler* at 1083 (citing to *DiLoreto v. Downey Unified Sch. Dist. Bd. of Educ.,* 196 F.3d 958, 965 (9th Cir. 1999))

Plaintiff argues that the Spokane County's FB is a designated public forum. It has been designated by Spokane County as a limited public forum. However, under either one, Plaintiff's posts do not pass scrutiny.

In *Kimsey*, the comment section of the defendant's Facebook posts was held as a designated public forum. *Kimsey,* 574 F. Supp. 3d 920. The court noted that while rules and guidelines were visible on the page, the public's initial access was not constrained. *Id.* The court also noted that the city's failure to consistently apply the off-topic rule, and that Facebook was designated for expressing information and ideas, led to the finding of a designated public forum. *Id.*

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 9



EVANS, CRAVEN
& LACKIE, P.S.

818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

The *Kimsey* decision was addressed in *Krasno* v. Mnookin, No. 21-cv-99-slc, 2022 U.S. Dist. LEXIS 199339, at *16-17 (W.D. Wis. Nov. 2, 2022). In *Krasno,* the plaintiff moved for a preliminary injunction after her comments in response to posts on a university's Facebook page were removed for being off-topic. The court found that the comment section of a public Facebook page containing rules allowing comments to be removed if off-topic to be a "nonpublic fora." *Id.* at 44.

The *Krasno* court addressed and disagreed with the *Kimsey* decision, noting that opening a forum for expression to all members of the public did not prohibit the entity from limiting the forum to specified subject matters. *Id.* The holding in *Kimsey* was also addressed in *Gilley v. Stabin*, No. 3:22-cv-01181-HZ, 2023 U.S. Dist. LEXIS 13382, at *32 (D. Or. Jan. 26, 2023). *Gilley* involved whether comments on a university's social media platform were a limited or designated public forum. By implementing rules and guidelines for off-topic comment removal, the university displayed it did not intend to have the comment section serve as a designated or open public forum. *Id.* at 35-36.

In this instance, SCSO's Facebook page contained a social media disclaimer that it was a limited public forum. SCSO's Disclaimer specifically sets forth the right to delete positions that are inconsistent with the policies in the disclaimer,

including but not limited to, comments that contain the following prohibited words, text or information. As such, SCSO's off topic rule must be examined through a reasonable and viewpoint neutral standard.

### 3. The Off-Topic Rule Passes Constitutional Analysis.

A restriction is reasonable if it is: (1) in furtherance of a permissible objective; and (2) contains "objective, workable standards…capable of reasoned application." *Krasno* at 44 (quoting *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1886, 1891-92, 201 L. Ed. 2d 201 (2018)). The *Krasno* court noted that the defendant used its social media accounts to communicate official announcements, events and policies to the public. *Id.* at 44. It further noted that permitting off topic comments made it more difficult for the entity to interact with followers who engaged with the topic of the post. *Id.* at 45. The court held that the off-topic rule was "undoubtedly" viewpoint neutral on its face, and that the objective nature of the rule led to a finding of reasonable application. *Id.* at 48, 51-52. Lastly, the court noted that existence of alternative channels of communication is a factor of the reasonableness analysis, and that the plaintiff could express their views in a variety of matters beyond social media comment sections. *Id.* at 52-53.

The off-topic rule implemented by SCSO passes constitutional muster. Additionally, Plaintiff has several ways to communicate with SCSO, including

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 11

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

written correspondence, and telephone calls, which he has not utilized except to send a letter to Sheriff Knezovich asserting that SCSO was violating his rights on one occasion. It should not come as a surprise that SCSO, or anyone, would be more responsive to a post that accused it murder, criminal conduct and defamatory statements that the SCSO does not investigate its own, based on incomplete and in many instances false information.

C. **PLAINTIFF'S CLAIMS OF IRREPARABLE HARM ARE SPECULATIVE AND DO NOT SUPPORT A PRELIMINARY INJUNCTION.**

SCSO will only address Plaintiff's alleged harm suffered by his comments being hidden. This issue was also addressed in *Krasno,* where the court found that restoring the plaintiff's comments would not offer any solution because the "online conversations in which [the plaintiff] wanted to participate while [their] account was restricted are all but over." *Krasno* at 55 (citing to *Am. C.L. Union of Illinois v. City of St. Charles*, 794 F.2d 265, 274 (7th Cir. 1986) (["S]peech delayed may be speech destroyed; political speech . . . becomes stale when the issues pass away.") Recall this is also one of the issues that resulted in hidden comments; that Plaintiff posted comments unrelated to SCSO's post. *Gregory Dec., para 10*. One of Plaintiff's comments upset the daughter of a murder victim. *Gregory Dec, para 10(j)*. Thus, the discourse on Plaintiff's hidden comments is

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 12



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

stale not just from the postdate perspective but also because it was wholly unrelated to the post and/or was based on false or unsupported information but not offered as an opinion. *Gregory Dec., para. 8, 10.* Accordingly, Plaintiff has not established he is being subjected to continuous irreparable harm.

D. **THE BALANCE OF HARDSHIPS DOES NOT FAVOR PLAINTIFF**

Plaintiff's motion alleges that SCSO must restore his comments and discontinue its practice of deleting off-topic comments because he faces more hardships than Defendant. As noted, he is not suffering harm from his comments not being restored. He continues to post as he wishes, and it is only when he does not follow the Disclaimer and posts statements that are defamatory or untrue that his comment may be hidden. Plaintiff's argument is incorrect. Quite simply, he has not suffered constitutional harm, and cannot present a constitutional violation. Plaintiff has not established that there are any other posts that have been improperly hidden.

E. **EVEN IF PLAINTIFF'S ARGUMENT IS CORRECT THAT THE SCSO FACEBOOK PAGE IS A DESIGNATED PUBLIC FORUM PLAINTIFF STILL FAILS TO ESTABLISH THAT HE MAY PREVAIL ON A PRELIMINARY INJUNCTION**

Defendants do not dispute that courts recognize a significant public interest in upholding the First Amendment. However, Plaintiff fails to establish that he is likely to succeed on the merits of a First Amendment challenge or that there are

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 13



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

serious questions going to the merits. *Winter v. NRDC, Inc.,* 555 U.S. 7, 20, `19 S.Ct. 365, 172 L.Ed.2d 249 (2008)

The government can place restrictions in a limited public forum so long as they are based on a standard that is definite and objective and from a neutral viewpoint. *Krishna Lunch of S.Cal., Inc. v. Beck*, 2023 U.S. App. LEXIS 25046, ____ (9th Cir. 2023); *Graf v. Christensen*, 2023 U.S. Dist. LEXIS 198160, *13 (Idaho D.C. 2023)  In a designated public forum, the government may impose reasonable restrictions on the time, place, or manner of protected speech so long as those restrictions [*14] are narrowly tailored to serve a significant government interest and leave open alternative channels for communication. *Ward v. Rock Against Racism*, 491 U.S. 781, 791, 109 S. Ct. 2746, 105 L. Ed. 2d 661;*, Pleasant Grove City Utah v. Summum*, 555 U.S. 460, 469, 129 S. Ct. 1125, 172 L. Ed. 2d 853 (2009). Viewpoint discrimination occurs "when the government targets not subject matter but particular views taken by speakers on a subject." *Id.*, citing *Rosenberger v. Rectors and Visitors of the Univ. of Virginia*, 515 U.S. 819, 829, 115 S. Ct. 2510, 132 L. Ed. 2d 700 (1995). Thus, the government may not regulate speech "when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Id.*  And while the First Amendment protects speech that "may include vehement, caustic and

OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 14

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

sometimes unpleasantly sharp attacks on government and public officials," this is not unfettered and must still be based in truth. *Id.* at 15, *citing*, *New York Times Co v. Sullivan*, 376 U.S. 254, 270, 84 S.Ct. 710, 11 L.Ed.2d 686(1964).

Plaintiff's comments were not fact based and thus deleted. *See Exh. 1 to Gregory Dec.*

F.      **BOND REQUIREMENT**

Rule 65 of the Federal Rules of Civil Procedure directs that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Federal courts, however, have discretion as to the amount of security and may even dispense with the security requirement altogether. *Miller*, 2023 U.S. Dist. LEXIS 41563, *4-5, *citing*, *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009)("Rule 65(c) invests the district court with discretion as to the amount of security required, if any." (quotation marks omitted).

A bond in the amount of Defendants' reasonable attorney fees for responding to this motion is just and equitable given that the reasons for hiding

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 15



818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiff's comments were legitimate and strictly narrowed. Had Plaintiff done any research prior to his postings, he could easily have discerned that fact.

## IV.    CONCLUSION

Plaintiff's comments were off-topic and made for reasons of personal animus. SCSO has decided to prohibit all comments on its Facebook page. As such, Plaintiff's claims that he has and continues to suffer a constitutional injury and irreparable harm are incorrect. Further, Plaintiff did not file and serve a tort claim notice under I.C. § 6-906. As such, Defendant requests that Plaintiff's Motion be denied, and his lawsuit dismissed.

DATED this 13 day of June 2024.

EVANS, CRAVEN & LACKIE, P.S.

/s/Heather Yakely
HEATHER C. YAKELY, WSBA #28848
818 W. Riverside, Suite 250
Spokane, WA 99201
(509) 455-5200
hyakely@ecl-law.com

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 16

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Braden Pace
Mika K. Rothman
Joseph R. Shaeffer
Email:   bradenp@mhb.com
Email:   mikar@mhb.com
Email:   joe@mhb.com

_____
Savannah Youmans, Legal Assistant

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - page 17



EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632