JUDGE THOMAS O. RICE

Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
Phone: 206-622-1604

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| JAMES LEIGHTY,<br><br>    Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, a municipal corporation; SHERIFF JOHN NOWELS, an individual; and SPOKANE COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>    Defendants. | No. 2:24-cv-00165-TOR<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>NOTED: JULY 8, 2024<br><br>*WITHOUT ORAL ARGUMENT* |

> *It should not come as a surprise that SCSO, or anyone, would be more responsive to a post that accused it murder, criminal conduct and defamatory statements that the SCSO does not investigate its own, based on incomplete and in many instances false information.*

SCSO Response Br. at 12:4-9. This is the essence of viewpoint discrimination. The SCSO was "more responsive" to Mr. Leighty's comments, and deleted them,

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 1

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

*because of* his viewpoint that is critical of the government.

The Constitution "requires that we tolerate individual expressions of opinion, hostile or otherwise, regarding the performance of those who carry out all aspects of our governmental functions." *Partington v. Bugliosi*, 56 F.3d 1147, 1160 (9th Cir. 1995). By their own admission, Defendants have censored Plaintiff's speech because it criticizes SCSO and its officers. Defendants claim that all of Plaintiff's comments are defamatory and therefore not protected speech, but they do not and cannot show that such comments meet the required elements to prove defamation. They also claim that Plaintiff's comments violate a newly-created "off-topic" rule that is conspicuously absent from the SCSO Facebook disclaimer and Facebook page. But Defendants' broad declarations and post-hoc exclusionary rule do not excuse their conduct. A preliminary injunction is needed to stop Defendants from using defamation as a pretext to censor disfavored speech.

A.  <u>Criticism of government officials is protected speech, not defamation.</u>

Plaintiff Jim Leighty's criticisms of SCSO and its officers are quintessential protected speech. *See Matal v. Tam*, 582 U.S. 218 (2017) ("We have said time and again that 'the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers.'"); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 273 (1964) ("Criticism of [government actors'] official conduct does not lose its constitutional protection merely because it is effective criticism and hence diminishes their official reputations.").

Defendants characterizes Plaintiff's criticism as "defamatory in nature and not based on actual fact … and [] not protected speech." Dkt. 9, 8:9-13. While

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 2

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

defamation, if proven, is unprotected speech, Defendants do not come close to establishing that Plaintiff's speech was defamatory.

Defendants have not – and cannot – show that Plaintiff's comments contain the "four essential elements" of defamation: "falsity, an unprivileged communication, fault, and damages." *Robel v. Roundup Corp.*, 148 Wn.2d 35, 55, 59 P.3d 611, 621 (2002). "Before the truth or falsity of an allegedly defamatory statement can be assessed, [the party alleging defamation] must prove that the words constituted a statement of fact, not an opinion." *Id*. In determining falsity – "whether a reasonable factfinder could conclude that the [contested] statement implies an assertion of objective fact"— the Court considers "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995).

As a threshold issue, Defendants must have established that the comments were "statements of fact," as opposed to Plaintiff's opinions. Defendants have not done so here. Defendants simply label Plaintiff's comments criticizing SCSO officers as "inaccurate" or "misleading" without identifying the inaccurate or false statements within each comment, then claim ultimate discretion to determine whether speech is protected or not, using as their litmus test whether Cpl. Gregory "found [the statements] to be untrue." Dkt. 10, at 4:29. To do this, Defendants offer the *opinions* of agencies that investigated the incidents referenced in Plaintiff's comments. *See, e.g.*, Dkt. 10, ¶10(b). But the opinions of these agencies are not

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 3

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

objective fact. They are simply the conclusions from an agency's assessment of whether a legal standard (probable cause, justifiable use of force) has been met, conclusions that the public does not have to accept as fact or at face value. Plaintiff has formed different opinions, and that is the nature of "the robust debate among people with different viewpoints that is a vital part of our democracy would surely be hampered." *Partington*, 56 F.3d at 1154 (finding an author's criticism of a lawyer's poor representation of his client protected by the First Amendment).

Furthermore, "[s]ocial media websites—Facebook and Twitter in particular—are fora inherently compatible with expressive activity." *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1178 (9th Cir. 2022). The broad context of the SCSO Facebook page, and social media in general, makes it more likely that anyone reading the comments expects such comments to use subjective language and express opinions. Defendants know and expect that Facebook users will express their opinions and "beliefs" in comments. *Rothman Dec.*, Ex. 3, p. 5. Where the context "is one of debate, and the statement cannot reasonably be taken as anything but opinion." *Koch v. Goldway*, 817 F.2d 507, 509 (9th Cir. 1987).

B.  The SCSO Facebook Page Comment Section is a Designated Public Forum.

Defendants' inconsistent and selective enforcement of their Facebook Disclaimer and its post-hoc "off-topic" justification for removing Plaintiff's comments are precisely the reason that the SCSO Facebook page is a designated public forum, not a limited one. "The standards for inclusion and exclusion for a limited public forum must be unambiguous and definite; without objective standards, government officials may use their discretion . . . as a pretext for

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 4

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

censorship." *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1178 (9th Cir. 2022) (internal citations and quotations omitted).

"What matters in forum analysis 'is what the government actually does—specifically, whether it consistently enforces the restrictions on use of the forum that it adopted.'" *Id.*, at 1178 (quoting *Hopper v. City of Pasco*, 241 F.3d 1067, 1075 (9th Cir. 2001)). It is not enough to have simply stated restrictions on the kind of speech allowed– these restrictions must be applied consistently. Defendants have published rules regarding content that may be excluded from the Facebook page but do not apply the rules consistently. *See* Dkt. 9, 10:25-11:4.

Indeed, Defendants admit to selective enforcement of their rules. Corporal Gregory, who monitors the SCSO Facebook page on behalf of Defendants, declares under penalty of perjury: "[i]f a statement is observed that is defamatory **against either a deputy or the SCSO** I will hide the post." Dkt. 10 at ¶8 (emphasis added). Selective enforcement of restrictions means that the SCSO Facebook page cannot be a limited public forum and therefore is a designated public forum. Beyond that, Cpl. Gregory's statement is an admission of viewpoint discrimination which violates the First Amendment regardless of whether the SCSO Facebook page is a designated or limited public forum.

Moreover, Defendants' inconsistent enforcement undermines their ability to maintain a limited public forum. Defendants have left for public view many comments that are far more "defamatory, vulgar, obscene, abusive, profane, threatening, hateful, intimidating, or otherwise offensive" than Plaintiff's criticisms of law enforcement. The difference is that the comments left on the SCSO Facebook

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 5

No. 2:24-cv-00165-TOR

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

page are pro-police in their viewpoint, advocating violence against people labeled criminals or criminal suspects by the SCSO:

- "It's a shame he didn't resist and have to be 'put down'"
- "Tree/rope=no chance of re-offending."
- "Please bring back the death penalty"
- "Another one that should be planted in the ground. Too bad the neighbor didn't do us all the favor"
- "To [sic] bad you had to use a tazer would be nice if you could just go lethal"
- "Let's start beating kids again"

Rothman Dec., at Exs. 1-3. "A policy purporting to keep a forum closed (or open to expression only on certain subjects) is no policy at all for purposes of public forum analysis if, in practice, it is not enforced or if exceptions are haphazardly permitted." *Hopper v. City of Pasco*, 241 F.3d 1067, 1076 (9th Cir. 2001)); *Cf. Gilley v. Stabin*, 652 F. Supp. 3d 1268, 1287 (D. Or. 2023) (finding a University's Twitter account to be a limited public forum because, in part, "the Court has limited information on the extent to which the guidelines are generally enforced."). The SCSO Facebook page is NOT a limited public forum.

Defendants also advance a newly-created "off-topic" rule that allows them to remove comments that "do not relate to the original posts and thus could not have been made for the purpose of public debate." Dkt. 9, 7:24-26. This rule does not appear in the SCSO Social Media Disclaimer, nor anywhere else on the SCSO Facebook page. Relying on an "unspoken policy against [off-topic] comments does

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 6

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

not satisfy the requirement that standards for inclusion and exclusion must be unambiguous and definite to create a limited public forum." *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1178 (9th Cir. 2022) (internal citations and quotations omitted). Far from establishing a limited public forum, this unwritten rule allows SCSO officials to freely engage in suppression of protected speech.

Defendants affirmatively opened their Facebook page to comments, allowing the public to respond to SCSO posts. Having done so, they can only maintain a limited public forum if rules are applied consistently and always. Absent that, the SCSO has a designated public forum subject to strict scrutiny.

C.  <u>Defendants Repeatedly Admit to Viewpoint Discrimination</u>.

"If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397, 414 (1989). Defendants' responsive materials openly admit to such unconstitutional viewpoint discrimination. Cpl. Gregory states clearly: "If a statement is observed that is defamatory against either a deputy or the SCSO I will hide the post." Dkt. 10 at ¶8 (emphasis added). This shows that Defendants monitor the SCSO Facebook page with an eye towards comments that were critical of governmental actors, enforcing the rules with greater rigor when the SCSO or its officers are criticized. Defendants later double down on this point: "It should not come as a surprise that SCSO, or anyone, would be more responsive to a post that accused **it** of murder, criminal conduct and defamatory statements … ." Dkt. 9:12:4-9 (emphasis added). Defendants were "more responsive" to Plaintiff's comments *because* he expressed a

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7

No. 2:24-cv-00165-TOR

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

disfavored perspective, then removed the disfavored speech from public view, alleging "defamation." This is the very definition of viewpoint discrimination. *See Davison v. Randall*, 912 F.3d 666, 687 (4th Cir. 2019) (affirming district court's finding that Defendants banned Plaintiff from official government Facebook for alleging corruption by Defendants).

D. <u>Defendants Have Not Even Attempted to Satisfy Strict Scrutiny.</u>

"Because content-based laws target speech based on its communicative content, they are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests. Speech regulation is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed. *Reed v. Town of Gilbert*, 576 U.S. 155, 155 (2015).

In a public forum, rules "that by their terms distinguish favored from disfavored speech on the basis of the ideas or views expressed are content based." *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1155 (9th Cir. 2003) (internal citations and quotations omitted). "Rules are generally considered content-based when the regulating party must examine the speech to determine if it is acceptable." *United Bhd. of Carpenters v. NLRB*, 540 F.3d 957, 964 (9th Cir. 2008). "Content-based restrictions are presumptively unconstitutional." *Id*., at 964-65. And "[w]hen the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is thus an egregious form of content discrimination." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829 (1995) (internal citation

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 8

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

omitted).

To pass strict scrutiny, Defendants must demonstrate that they have "employ[ed] the least restrictive means to further a compelling interest" in implementing the "off-topic" rule. *Id.*, at 965. Defendants have not even attempted meet this standard. They have not alleged *any* governmental interest in maintaining their "off-topic" rule, let alone a compelling one. Nor have they shown how removal of an entire comment could ever be considered narrowly tailored. Instead, Defendants quote from an out-of-circuit, unpublished district court opinion, and declare that their rule "passes constitutional muster." Defendants then admit to selective enforcement of their rule prohibiting defamation, explaining that they are "more responsive to a post that accused it of murder, criminal conduct, and defamatory statements… ." Dkt. 9, 9:4-9. Selective enforcement of this kind is simply viewpoint-based discrimination. Defendants' own admissions reveal their true interest: suppression of speech that criticizes SCSO and its personnel. "Because free speech protections were designed to protect critical speech, we cannot find the suppression of critical speech to be a compelling interest." *United Bhd. of Carpenters v. NLRB*, 540 F.3d 957, 965 (9th Cir. 2008).

E.   <u>Defendants' Enforcement of the "Off-Topic" Rule is Viewpoint-Based</u>

Even in a limited public forum, restrictions on speech and speakers are only permissible if they are "viewpoint neutral and reasonable in light of the purpose served by the forum." *Garnier v. O'Connor-Ratcliff*, 41. F.4th 1158, 1179 (2022). (quoting *Hopper v. City of Pasco*, 241 F.3d 1067, 1074-75 (9th Cir. 2001)).  Here, Defendants removed comments because of the viewpoints expressed, far from the

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION - 9

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

neutral and reasonable restriction required to establish a limited public forum.

F. Censorship of Protected Speech Always Causes Irreparable Harm

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Associated Press v. Otter*, 682 F.3d 821, 826 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976)). "A chilling of the exercise of First Amendment rights is, itself, a constitutionally sufficient injury." *Libertarian Party of Los Angeles County v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013). To this day, SCSO is hiding Plaintiff's comments, causing constant and ongoing harm. *American Civil Liberties Union v. St. Charles*, cited by Defendants, illustrates this point: "the high value that the courts assign to the right of free speech" because "political speech often is addressed to transitory issues, and becomes stale when the issue passes away." 794 F.2d 265, 274 (7th Cir. 1986) (citing *Elrod v. Burns*, 427 U.S. 347, 374 n.29, (1976)). The transitory nature of an issue does not foreclose redress for restriction of free speech, it highlights the irreparability of harm caused censorship of speech on passing issues. *Elrod*, 427 U.S. 347 at n.29

G. Attorney Fees Are Not Compensable Costs or Damages Under FRCP 65(c)

Attorney's fees are not recoverable as "damages" in an action on an injunction bond. *Matek v. Murat*, 862 F.2d 720, 734 (9th Cir. 1988). Where a Court finds that a preliminary injunction will not likely result in any damages to Defendants, it may waive the bond requirement. *See Baca v. Moreno Valley Unified School Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (waiving the bond requirement because "to require a bond would have a negative impact on plaintiff's constitutional rights, as

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 10

No. 2:24-cv-00165-TOR

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

well as the constitutional rights of other members of the public affected by the policy"). Defendants cannot show potential damages from being enjoined, so the Court should not require a bond.

## II.    CONCLUSION

To this day, Defendants continue to suppress Mr. Leighty's protected speech – this, combined with Defendants' own admissions of viewpoint discrimination present as strong a need as any to issue a preliminary injunction.

DATED this 27th day of June, 2024.

MacDONALD HOAGUE & BAYLESS

By: */s/Braden Pence*
Braden Pence, WSBA #43495
Joe Shaeffer, WSBA #33273
Mika Rothman, WSBA #55870
BradenP@mhb.com
Joe@mhb.com
MikaR@mhb.com

*Attorneys for Plaintiff*

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 11

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

# CERTIFICATE OF SERVICE

I, Olivia Doolan, declare under penalty of perjury under the laws of the United States of America that I caused to be served in the manner noted below a copy of the document entitled Reply in Support of Plaintiff's Motion for Preliminary Injunction, on the following participant(s):

| | |
|---|---|
| **EVANS, CRAVEN & LACKIE, P.S**<br><br>Heather C. Yakely, WSBA #28848<br>Savannah Youmans, Legal Assistant<br>818 W. Riverside, Suite 250<br>Spokane, WA 99201<br>hyakely@ecl-law.com<br>Syoumans@ecl-law.com<br><br>*Attorney for Defendants Spokane County, John Nowels, and Spokane County Sheriff's Office* | ☒ Via Clerk of the Court (CM/ECF System)<br>☐ Via Facsimile<br>☐ Via First Class Mail<br>☐ Via Email<br>☐ Via Overnight Delivery |

DATED this 27th day of June, 2024, at Seattle, Washington.

/s/Olivia Doolan
Olivia Doolan, Legal Assistant

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 12

No. 2:24-cv-00165-TOR

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961