JUDGE THOMAS O. RICE

Heather C. Yakely, WSBA #28848
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200
hyakely@ecl-law.com

*Attorney for Spokane County Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES LEIGHTY,<br><br>                                Plaintiffs,<br><br>vs.<br><br>SPOKANE COUNTY, a municipal corporation; SHERIFF JOHN NOWELS, an individual; and SPOKANE COUNTY SHERIFF'S OFFICE, a subdivision of a municipal corporation,<br><br>                                Defendants. | No.   2:24-cv-00165-TOR<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND |

In answer to the Plaintiff's Complaint for Damages, the Defendants Admit, deny, and allege as follows:

## I. NATURE OF THE CASE

1.1.   Defendants deny.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 1

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1.2. Defendants Admit. that it maintains a Facebook page for posting information and updates about Sheriff's Office news, incidents, events and services. Defendants deny any further allegations set forth in this paragraph.

1.3. Defendants Admit. that Mr. Leighty wrote comments in response to Official Facebook posts. Defendants deny any further allegations set forth in this paragraph.

1.4. Defendants Admit. that it does not provide notice of hiding comments. Defendants deny the remainder of the paragraph.

1.5. No answer is required to this paragraph.

## II.   PARTIES

2.1. Defendants are without sufficient information to Admit. or deny and therefore denies the same.

2.2. Defendants Admit. that Sheriff John Nowles is the duly elected Sheriff of Spokane County. He was the Sheriff during the time set forth in Plaintiff's Complaint. The remainder of this paragraph calls for a legal conclusion and no answer is required.

2.3. Defendants Admit. that Spokane County is a municipal corporation. The remainder of this paragraph calls for a legal conclusion and no answer is required.

## III.   JURISDICTION AND VENUE

3.1. Defendants Admit.

3.2. Defendants Admit.

## IV.   FACTUAL ALLEGATIONS

4.1. Defendants are without sufficient information to Admit. or deny and therefore deny the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 2

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.2 Defendants are without sufficient information to Admit. or deny and therefore deny the same.

4.3. Admit. to the extent that the Facebook Homepage speaks for itself.

4.4. Defendants Admit. that Nowles has authorized employees to manage the Facebook page. The remainder of the paragraph calls for a legal conclusion and no answer is required. Defendants deny that any person other than the Sheriff is a final policymaker for Spokane County.

4.5. The document speaks for itself, and no answer is required. To the extent that Plaintiff has accurately summarized the disclaimer, Defendants Admit. the same.

4.6. The document speaks for itself, and no answer is required. To the extent that Plaintiff has accurately summarized the disclaimer, Defendants Admit. the same.

4.7. Admit.

4.8. Admit. that any third party can follow the SCSO Facebook page. To the extent Plaintiff asserts there is a unique compilation, Defendants are without sufficient information to Admit. or deny and therefore denies the same.

4.9. Admit.

4.10. Admit.

4.11. This paragraph calls for a legal conclusion and no answer is required.

4.12. Defendants are without sufficient information to Admit. or deny and therefore denies the same. Defendants Admit. that Plaintiff purports to advocate in matters related to law enforcement.

4.13. Defendants are without sufficient information to Admit. or deny and therefore denies the same.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 3

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.14. Defendants Admit. that Plaintiff comments on the SCSO Facebook page. SCSO denies censoring many of Plaintiff's comments and affirmatively asserts that it applied its terms of use to Plaintiff's posts.

4.15. Admit.

4.16 Admit.

4.17. Deny to the extent that it is a FB policy, not SCSO's policy. "hiding comments from your Page."

https://www.facebook.com/help/841213946569182

4.18. Defendants are without sufficient information to Admit. or deny and therefore denies the same as Plaintiff asks for a response from a user's statement of mind.

4.19. Admit. to the extent that SCSO followed its terms of use as to Plaintiff's improperly stated summary.

4.20. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.21. Admit but only to the extent that SCSO posted a press release from the Prosecuting Attorney's office that no charges would be filed against a Spokane County Detention Services Corrections Officer, not a SCSO Deputy. Detention services has been overseen by the Board of County Commissioners since 2013, not the SCSO. Defendants are without sufficient information to admit or deny the remainder of the paragraph and therefore deny the same.

4.22. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.23. Admit. to the extent that the email would speak for itself.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 4

EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.24. Admit. to a post being made on October 6, 2021. Plaintiff released the Deputy's name and the victim's name making judgements as stated facts that had not yet been determined and made comments purporting to claim the deputy was guilty before any investigation had been completed and was ongoing. The Prosecuting Attorney's office announced on March 30, 2022, that the Deputy's actions were justified. Defendants are without sufficient information to admit or deny any further allegations and therefore denies the same.

4.25. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.26. Admit. that a post was made on October 19, 2023. Deny as to the remainder and affirmatively assert that the "prompt" arrest was made because it was regarding a protection order with assault DV and a warrant for a violation of a protection order DV. The arrest was therefore mandated by RCW. However, Plaintiff ignored, or was unaware of the mandatory arrest requirements and instead noted the deputy by name even though the incident was being independently investigated by the Spokane Police Department. At the time of Plaintiff's post, probable cause had not been established by the SPD investigators, nor had the deputy been charged or convicted. As in keeping with the general law about releasing suspect information SCSO does not post, nor would it allow to be posted incorrect "facts" about suspects unless they have been formally charged. This deputy was not charged.

4.27. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND- page 5

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.28. Admit. that a post was made on October 26, 2023. Deny as to the remainder and affirmatively assert that an independent investigation was ongoing by Spokane Police Department. There had been no findings and no charges at the time Plaintiff's post was made in which he named the deputy by name. The deputy was never charged or convicted. As in keeping with the general law about releasing suspect information SCSO does not post, nor would it allow to be posted incorrect "facts" about suspects unless they have been formally charged. This deputy, named by Plaintiff in his post, was not charged.

4.29. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.30. Admit. that a post was made on February 21, 2024. Defendants are without sufficient information to admit or deny and therefore denies the same.

4.31. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.32. Admit that a post was made on March 20, 2024. This was a shooting of public concern, and an arrest on a burglary, kidnapping 2nd degree, assault 2nd and violation of a protection order with assault (DV). Again, the arrest was mandatory because of the DV per Washington Statute where probable cause exists. Plaintiff again noted the deputy by name where the investigation was ongoing by Spokane Police Department and the Deputy was not charged. As in keeping with the general law about releasing suspect information SCSO does not post, nor would it allow to be posted incorrect "facts" about suspects unless they have been formally charged.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 6

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

4.33. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.34. Admit that a post was made on May 8, 2024. Defendants are without sufficient information to admit or deny and therefore denies the same.

4.35. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.36. This paragraph calls for a legal conclusion and therefore no answer is required. To the extent that any factual allegations are set forth, Defendants deny the same and affirmatively assert that if "pro police" comments violated the posting policies they would also be hidden.

4.37. Deny. Plaintiff had access to the posting policy which sets forth terms of use.

4.38. This paragraph calls for a legal conclusion and therefore no answer is required. To the extent that any factual allegations are set forth, Defendants deny the same.

4.39. This paragraph calls for a legal conclusion and therefore no answer is required. To the extent that any factual allegations are set forth, Defendants deny the same.

4.40. Defendants are without sufficient information to admit or deny and therefore deny the same.

## V.    INJUNCTIVE CLAIMS

5.1. Defendants admit or deny as set forth above.

5.2. This paragraph calls for a legal conclusion and therefore no answer is required. To the extent that any factual allegations are set forth, Defendants deny the same.

5.3. This paragraph calls for a legal conclusion and therefore no answer is required. To the extent any factual allegations are set forth, Deny. Plaintiff had access to the posting policy which sets forth terms of use.

## VI. DAMAGES CLAIMS

6.1. Admit or deny as set forth above.

6.2. This paragraph calls for a legal conclusion and therefore no answer is required. Defendants admit that jurisdiction is appropriate and further affirmatively assert that the hiding of comments was not based on viewpoint but were based on violation of the posting policies, use standards or filters. Plaintiff further had access to the posting policy which sets forth the terms of use.

6.3. This paragraph calls for a legal conclusion and therefore no answer is required. Defendants admit that the cause of action is brought per Plaintiff's complaint under 42 U.S.C. 1983 and the Fourteenth Amendment.

## VII. AFFIRMATIVE DEFENSES

1. That all actions of the Defendants herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

2. That the Plaintiff has failed to state a claim upon which relief may be granted.

3. That if Plaintiff sustained any injury or damage, the same was provoked by the conduct of Plaintiff.

4. That Defendant at all times acted in good faith in the performance of its duties and is therefore immune from suit for the matters charged in Plaintiff's Complaint.

5. That if Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

6. That the claims alleged under 42 U.S.C. § 1983 against the government employees are barred by the doctrine of qualified immunity. (See: *See Saucier v. Katz*, 533 U.S. 194 (2001)).

## VIII.    ADDITIONAL AFFIRMATIVE DEFENSES

Because Plaintiff's allegations and causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant reserves the right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are appropriate and available in this case.

## IX.    REQUEST FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice in its entirety.
2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant.
3. That Defendant be awarded its attorneys' fees and costs incurred in defending this action.
4. That Defendant be granted such other and further relief as the Court may deem just and proper.

## X.    JURY DEMAND

Defendants hereby demand that this matter be tried to a jury.

DEFENDANTS' ANSWER TO PLAINTIFF'S
COMPLAINT FOR DAMAGES AND JURY DEMAND- page 9

EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

1  DATED this 16th day of September, 2024.

3                  EVANS, CRAVEN & LACKIE, P.S.

5                *S/ Heather C. Yakely*
6                HEATHER C. YAKELY, WSBA #28848
7                Attorney for Defendants
8                818 W. Riverside, Suite 250
                 Spokane, WA 99201
9                (509) 455-5200
10               hyakely@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 16th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Braden Pace
Mika K. Rothman
Joseph R. Shaeffer
Email:      bradenp@mhb.com
Email:      mikar@mhb.com
Email:      joe@mhb.com

_____
Savannah Youmans, Legal Assistant